IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHAREE L. ANDERSON-TAYLOR,  §
      Plaintiff,  §
              §
v.  §         No. 3:25-CV-2576-X-BW
              §
FEDS,  §
      Defendant.  §    Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Charee L. Anderson-Taylor's Complaint, received

on September 23, 2025.  (Dkt. No. 3.)  Based on the relevant filings and applicable

law, the Court should **DISMISS** the complaint with prejudice as frivolous.

**I. BACKGROUND**

On September 23, 2025, Anderson-Taylor filed a pro se Complaint for a Civil

Case that names "FEDS" as the defendant, which she later identifies as "Federal

Government."  (*See id.* at 1, 3.)  Her complaint is unintelligible, as her statement of a

claim merely states, "Harassment; Blackballing; Entrapment."  (*Id.* at 4.)  As for

relief, she seeks $10,000 "for bills accumulating while they are hindering me from

finding gainful employment."  (*Id.*)  Anderson-Taylor filed a previous pro se action

against "Federal Government—FEDS" in 2023, which was dismissed as frivolous.

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full
case management.  (*See* Dkt. No. 1.)

*See* Dkt. Nos. 1, 10, 11, 12, *Charee L. Anderson-Taylor v. Federal Government*, No. 3:23-CV-136-X-BT.

## II.  LEGAL STANDARDS AND ANALYSIS

Because Anderson-Taylor has not paid the applicable filing fee and is seeking to proceed in forma pauperis in this action (*see* Dkt. No. 4.), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[2]  That statute authorizes the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios or that "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted).

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Anderson-Taylor's three words fail to state a viable claim or

---

[2] Although Anderson-Taylor moves to proceed in forma pauperis in this case, the responses in her application show that her monthly income exceeds her monthly expenses such that the application should be denied.  (*See* Dkt. No. 4.)  The undersigned makes no recommendation on the motion at this time, however, in light of the recommended dismissal of this case on a different basis.

anything that can be construed as such.  Further, her allegations here—to the extent

they are coherent—are fanciful and incredible, and thus, inadequate to support any

cognizable claim.  *See Denton*, 504 U.S. at 33.  Finally, even if Anderson-Taylor

stated a coherent set of facts from which the Court could infer a cause of action,

nothing suggests that the federal government's sovereign immunity would have been

waived as to such claims.  *See Lynch v. U.S. Government*, No. 7:09-CV-130-O, 2009

WL 2949770, at *1 (N.D. Tex. Sept. 14, 2009).  Dismissal is also appropriate for that

reason.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Consequently, Anderson-Taylor's complaint should be dismissed with

prejudice as frivolous.

### III.  CONCLUSION

The Court should **DISMISS** the Complaint, received on September 23, 2025

(Dkt. No. 3), with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on December 16, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).